# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANITA ABRAHAM<br>　　　　Defendant. | 1:12-CR-00163-BAM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 21) |

　　　　Defendant Anita Abraham ("Defendant") moves to dismiss the Petition for Violation of Probation, dated June 16, 2016, on the ground that this Court lacks jurisdiction because it did not issue a warrant or summons prior to the expiration of Ms. Abraham's term of probation (Doc. 21).

　　　　Defendant relies on 18 U.S.C. § 3565(c), which provides:
> The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

　　　　The Ninth Circuit has upheld this section in dismissing a case revoking probation after the expiration of probation. U.S. v. Pocklington, 792 F.3d 1036, 1039 (9th Cir. 2015) ("We conclude that the plain language limiting the 'power of the court' sets out a jurisdictional rule.  Because the government did not comply with the statute's strictures, the district court did not have the power to extend retroactively and later revoke Pocklington's probation.").

It is undisputed that the Court did not issue a warrant or summons on the basis of an alleged probation violation until more than a year after Defendant began her one year term of probation. Absent tolling, Defendant's probation would have expired on May 30, 2013. The government did not file a petition for violation of probation until June 16, 2016. Thus, absent tolling, the Court would be required to dismiss the petition.

The government argues, however, that Defendant's term of probation was tolled from February 27, 2013 until her arrest on June 1, 2016 under the "fugitive tolling doctrine." According to the Ninth Circuit, "[a] defendant assumes fugitive status when he fails to comply with the terms of his supervised release . . . . Fugitive status tolls the length of time a defendant is ordered to serve probation (the 'Probation Term'). As such, a defendant's Probation Term is extended for the period of his fugitive status." U.S. v. Grant, 727 F.3d 928, 930 (9th Cir. 2013) (internal quotations and citations omitted).

Here, it appears uncontested[1] that Defendant dropped out of contact with her probation officer and stopped submitting proof of payment of fines or completion of community service in advance of her February 27, 2013 hearing date. Following notice of these violations, Magistrate Judge McAuliffe issued an arrest warrant, but it was not in compliance with the revocation petition required by Section 3565(c). Defendant was then arrested on or about June 1, 2016. If probation is tolled between February 27, 2013 and June 1, 2016, the parties agree that the June 16, 2016 petition was timely and this Court has jurisdiction to adjudicate the petition.

In response, Defendant argues that the fugitive tolling doctrine is no longer valid because the statute specifying when probation jurisdiction ends, namely the Sentencing Reform Act of 1984, was silent on the issue of fugitive tolling, while providing for alternate types of tolling. For example, Congress specified that probation is tolled when an individual is "imprisoned in connection with a

---

[1] At oral argument, defense counsel argued that these underlying facts could not be established without an evidentiary hearing, but failed to put forth any contrary facts. The government has made a proffer of facts with citation to the relevant hearings in this case. Nevertheless, in an abundance of caution, the Court will permit the Defendant to request an evidentiary hearing if she intends to contest the underlying facts for jurisdictional purposes.

conviction for Federal, State or local crime," 18 U.S.C. § 3564(b), but did not create a similar provision for tolling when an individual is a fugitive.

While the meaning of silence in the underlying statute makes it difficult to interpret Congress' views on the fugitive tolling statute, this Court ultimately looks to Ninth Circuit law, which continues to endorse the fugitive tolling doctrine. Specifically, the Ninth Circuit applied the fugitive tolling doctrine in the probation context in United States v. Grant, 727 F.3d 928 (9th Cir. 2013). While it did not specifically address the Sentencing Reform Act, the Court's holding made clear that the fugitive tolling doctrine was still good law.

We also note that the Ninth Circuit upheld the fugitive tolling doctrine in the unpublished case of United States v. Nuno-Garza, 365 F.ed.Appx. 806 (2010) against a challenge similar to Defendant's. There, Appellant had argued that "[t]he fugitive tolling doctrine extends the jurisdiction of this Court in ways not contemplated or countenanced by Congress, and is invalid," (Appellant's Brief at 2). The Ninth Circuit disagreed, stating "[a]lthough Nuno-Garza asserts the doctrine of fugitive tolling is invalid as a matter of law, this court has recognized the doctrine's validity on multiple occasions. We are bound by those decisions." Id. at 807 (internal citations omitted).

Moreover, in the context of supervised release, the Ninth Circuit has held that the fugitive tolling doctrine applies despite a lack of endorsement in the relevant statute. In U.S. v. Crane, 979 F.2d 687, 691 (9th Cir. 1992), the Ninth Circuit upheld the fugitive tolling doctrine in the context of supervised release over the objection that the statute did not provide for such tolling, stating "with regard to revocation of regular parole under 18 U.S.C. § 4214, and special parole under 21 U.S.C. § 841(c), that specific language such as that provided in § 3565(c) is not required to toll the term of regular parole or special parole while a defendant is in fugitive status. To hold otherwise here would reward those who flee from bench warrants and maintain their fugitive status until the expiration of their original term of supervised release." Id. at 691 (internal citations omitted). See also U.S. v. Ignacio Juarez, 601 F.3d 885, 890 (9th Cir. 2010) ("Fugitive tolling begins when the defendant

absconds from supervision-making it impossible for the Probation Office to supervise his actions- and ends when federal authorities are capable of resuming supervision.").

Accordingly, this Court holds that the fugitive tolling doctrine applies to toll Defendant's probation term from February 27, 2013 and June 1, 2016. Once this tolling has been applied, the June 16, 2016 petition was timely and the Court maintains jurisdiction over that petition.

Defendant also asks the Court to strike the allegations of violations that occured between February 27, 2013 and June 1, 2016 because those alleged violations occurred when probation was supposedly tolled. Neither party has cited any cases in support of their position on this point.

As a matter of logic, the Court is sympathetic to Defendant's position. According to Black's Law Dictionary, the relevant definition of "toll" is "to suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiff's minority." Black's Law Dictionary, 6th Ed. Here, Defendant was only sentenced to one year of probation. According to the fugitive tolling doctrine, that probation did not run during the time of fugitive status. It would seem to follow that the Defendant cannot be liable for violating the terms of probation while probation has been tolled. Accordingly, the Court will grant Defendant's motion to dismiss charges 4, 5, and 6, which concern alleged violations during the time Defendant had a fugitive status.

Accordingly, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. The Court overrules the challenge to the Court's jurisdiction, but dismisses charges 3-6 from the Petition for Violation of Probation, dated June 16, 2016.

The Court also provides Defendant with an opportunity to request an evidentiary hearing if it wishes to contest the facts establishing Defendant's fugitive status under the fugitive tolling doctrine.

\\\
\\\
\\\
\\\
\\\

Should Defendant wish to hold such an evidentiary hearing, it shall notify the parties and the Court no later than August 30, 2016. If Defendant does not request an evidentiary hearing by that date, it will waive the right to such a hearing.

IT IS SO ORDERED.

Dated:    **August 22, 2016**                             /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE